IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JERRY TRONNE BROWN,
# 25105-044,

**Petitioner,**

vs.

JAMES N. CROSS,

**Respondent.**  Case No. 14-cv-230-DRH

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his conviction and sentence. The petition was filed on February 19, 2014.

On November 12, 1998, petitioner was convicted by a jury of the following drug-related offenses: (1) possession with intent to distribute in excess of 100 grams of heroin and 500 grams of cocaine; (2) possession with intent to distribute cocaine base; and (3) carrying a firearm in relation to a drug trafficking crime. *United States v. Brown*, Case No. 98-cr-152 (E.D. Mo. 1999). Petitioner was sentenced to a 397-month term of imprisonment (Doc. 167, criminal case).

Petitioner filed an appeal in the United States Court of Appeals for the

Eighth Circuit on March 17, 1999.[1] *United States v. Williams*, 198 F.3d 252 (8th Cir. 1999). The Eighth Circuit affirmed the convictions on November 1, 1999. *Id.* Petitioner appealed to the United States Supreme Court, which denied a writ of certiorari. *Williams v. United States*, 529 U.S. 1094 (2000). He subsequently filed two motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Brown v. United States*, Case No. 01-cv-00451-RWS (E.D. Mo. March 28, 2001); *Brown v. United States*, Case No. 12-cv-00443-RWS (E.D. Mo. March 7, 2012).

Petitioner filed his first § 2255 motion on March 28, 2001.[2] *See Brown v. United States*, Case No. 01-cv-00451-RWS (E.D. Mo.). The government was ordered to respond to the motion. On May 30, 2002, after reviewing the motion and the record, the trial court denied the motion for lack of merit. *Id.* (Doc. 23, p. 13). The trial court also denied petitioner's request for a hearing on the motion, reasoning that "[t]he record in this case conclusively establishes that Brown is entitled to no relief. . . ." *Id.* (Doc. 23, p. 12). The Eighth Circuit subsequently denied petitioner's application for a certificate of appealability on November 18,

---

[1] In his direct appeal, petitioner claimed that the district court erred by: (1) failing to sever the case; (2) permitting the jury to read and utilize transcripts of certain tape recorded conversations; and (3) calculating the base offense level derived from the calculated weight of the contraband (Doc. 1, p. 1).

[2] In his first § 2255 motion, petitioner offered the following four grounds for post-conviction relief: (1) defense counsel was ineffective because he failed to advise petitioner to testify in his own defense; (2) he was denied a fair trial when, during deliberations, the Court failed to disclose a communication with the jury; (3) the government violated its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that petitioner's co-defendant previously acted as a government informant in an unrelated case; and (4) petitioner's conviction for carrying a firearm was defective because the jury did not find all of the essential elements required for conviction under the applicable statute. *Id.* (Doc. 23).

2002.

Petitioner filed his second § 2255 motion on March 7, 2012.[3] *See Brown v. United States*, Case No. 12-cv-00443-RWS (E.D. Mo.). The district court did not order a response. Instead, the court dismissed the motion because it was a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 that had not been certified by the Eighth Circuit as required by AEDPA. *Id.* (Doc. 2).

This § 2241 petition followed (Doc. 1). In it, petitioner identifies only one issue. He claims that the trial court violated his First Amendment right to access the courts in his § 2255 proceeding by refusing to hold a hearing pursuant to 28 U.S.C. § 2255(b) (Doc. 1, p. 7). As relief, petitioner seeks the reinstatement of his § 2255 petition and the district court's compliance with the procedure set forth in § 2255(b) (Doc. 1, p. 11).

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is

---

[3] In petitioner's second § 2255 motion, he argued that "new evidence" of his counsel's ineffective assistance supported post-conviction relief. *Id.* (Doc. 2, p. 2).

not entitled to relief. Accordingly, the petition must be dismissed.

Ordinarily, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that a petitioner may be barred from bringing a second § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

The Seventh Circuit recently reiterated the rule that a § 2241 petition can only be used to attack a conviction or sentence when the § 2255 remedy "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (internal citations omitted).

"'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

In the present case, petitioner does not suggest that the charged conduct is no longer a crime. He does not assert that a new legal theory, which could not have been presented in his original § 2255 proceeding, now establishes his actual innocence. He merely attacks the trial court's handling of his § 2255 motion. This claim does not fall within the "savings clause" of § 2255(e), and § 2241 cannot provide him with the relief he seeks.

This Court does not see any error in the trial court's determination that, after reviewing the record, it could rule on petitioner's § 2255 motion without an evidentiary hearing. By the terms of the statute itself, no hearing is required if the court determines that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). This is exactly what the court determined when dismissing petitioner's § 2255 motion.

The trial court fully examined each of petitioner's grounds for relief in light of the record and applicable law. Based on this analysis, the court determined

that petitioner was not entitled to relief under § 2255. Having reached this conclusion, the court was not required to hold a hearing on petitioner's claims under the provisions of § 2255(b).

Section 2255(b) does not create a right to a "mandatory hearing." The court's disposition of the motion did not violate petitioner's First Amendment right to petition the court for redress. His claims were fully considered as contemplated in § 2255. Aside from petitioner's complaint that the court should have held a hearing on his motion, he does not allege that the court erred in any of its legal conclusions as to the merits of his claims, nor does he indicate how the outcome of his § 2255 motion might have differed if a hearing had been ordered.

The proper forum for raising petitioner's claim would have been in the appeal from the court's order in that case. However, petitioner raised different arguments in his appeal, and it was dismissed. A habeas petition under § 2241 is not a substitute for an appeal, and petitioner's present claim is not rooted in a structural defect in the § 2255 procedure that precluded him from raising his claims for relief through a § 2255 motion. Therefore, his claim cannot be addressed in a habeas action under § 2241, and his petition shall be dismissed.

## Disposition

Petitioner has not demonstrated that the § 2255 procedure was structurally inadequate to adjudicate his claims. Consistent with *In re Davenport*, petitioner cannot raise his present claim through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with

prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 14th day of March, 2014.**

Digitally signed by David R. Herndon
Date: 2014.03.14 08:39:01 -05'00'

**Chief Judge**
**U.S. District Court**